FILED 03 NOV '11 12:55 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARGARET BARICEVIC,                )
                                   )
            Plaintiff,             )    Civil No. 3:11-cv-00166-JO
                                   )
       v.                          )    O R D E R
                                   )
CAL-WESTERN RECONVEYANCE           )
CORPORATION; ET AL.,               )
                                   )
            Defendants.            )

Margaret Baricevic
17961 N.E. Geelan Road
Yamhill, OR  97148

   Plaintiff Pro Se

David J. Boulanger
PITE DUNCAN, LLP
621 S.W. Morrison Street, Suite 650
Portland, OR  97205

Robert J. Bocko
Philip R. Lempriere
KEESAL YOUNG & LOGAN
1301 Fifth Avenue, Suite 1515
Seattle, WA  98101-2603

Rochelle L. Stanford
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P. O. Box 17935
San Diego, CA 92177-0935

Attorneys for Defendants

JONES, Judge:

This action for wrongful foreclosure, which I terminated in July 2011, is before me on defendant Wells Fargo's motion (# 67) for attorney fees.[1] Defendant seeks an award of attorney fees as a matter of right under the promissory note and trust deed at issue in the underlying litigation, and as a sanction under 28 U.S.C. § 1927.[2] Defendant requests approximately $68,000 in attorney fees for 201 hours of time, at billing rates varying between $416 per hour for partner Robert Bocko, $244 per hour for associate attorney Molly Henry, and $150 per hour for a paralegal.

Plaintiff has objected to any award, see generally Plaintiff's Opposition to Motion for Attorneys' Fees,[3] as to both the hourly billing rates and the number of hours. For the reasons explained below, I deny defendant's request for attorney fees under § 1927, and award attorney fees to defendant in the total sum of $46,992.00.[4]

---

[1] Wells Fargo's earlier filed motion for attorney fees, dkt. # 53, is moot.

[2] Section 1927 permits the court to award fees against an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously . . . ." 28 U.S.C. § 1927. It does not permit an award of attorney fees against a party.

[3] Plaintiff, an attorney, signed and filed this opposition *pro se*.

[4] Neither defendant appears to have filed a Bill of Costs.

2 - ORDER

DISCUSSION

I.     Fees Under 28 U.S.C. § 1927.

Defendant seeks an award of fees against plaintiff herself and her original counsel on the case, Timothy Farrell. I have carefully examined defendant's billing records and note that although plaintiff made overtures concerning voluntary dismissal at a very early stage of the proceedings, defendant proceeded to file dispositive motions less than a month after plaintiff filed the complaint. I further note that discussions concerning a possible stipulated dismissal were unproductive due at least in part to defendant's early fixation on recovering attorney fees.

Whether to award sanctions under § 1927 is within the court's discretion. As the Ninth Circuit has explained, § 1927 "applies only to unnecessary filings and tactics once a lawsuit has begun," and "cannot be applied to an initial pleading." In re Keegan Management Co., Securities Litigation, 78 F.3d 431, 435 (9th Cir. 1996). Further, sanctions under § 1927 "'must be supported by a finding of subjective bad faith.'" Keegan, 78 F.3d at 436 (quoting New Alaska Development Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir. 1989)). "'Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'" Keegan, 78 F.3d at 436 (citations omitted).

Nothing in the record before me justifies a finding of subjective bad faith on Mr. Farrell's part, nor does the court's docket or defendant's billing records support a finding that Mr. Farrell unreasonably and vexatiously multiplied proceedings in this case. Consequently, defendant's request for attorney fees under the authority of 28 U.S.C. § 1927 is denied.

3 - ORDER

II.    Contract Attorney Fees.

State law governs a party's right to recover attorney fees in a diversity action. See, e.g., Diamond v. John Martin Co., 753 F.2d 1465, 1467 (9th Cir. 1985). Under ORS 20.096, a party may recover attorney fees for enforcing the provisions of a contract, in this case, the terms of the promissory note and trust deed. Thus, defendant is entitled to an award of fees. See Jensen v. Miller, 280 Or. 225, 232, 570 P.2d 375 (1977) ("The awarding of attorney fees pursuant to contractual provisions is made mandatory by statute, ORS 20.096.").

Because the award of fees is mandatory, the court considers the following factors in determining a reasonable amount of fees:

    (a)    The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.

    (b)    The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.

    (c)    The fee customarily charged in the locality for similar services.

    (d)    The amount involved in the controversy and the results obtained.

    (e)    The time limitations imposed by the client or the circumstances of the case.

    (f)    The nature and length of the attorney's professional relationship with the client.

    (g)    The experience, reputation and ability of the attorney performing the services.

    (h)    Whether the fee of the attorney is fixed or contingent.

ORS 20.0275(2). Defendant's submissions do not specifically address these individual factors.

In calculating a reasonable award, I will first consider the hourly rates requested, followed by the reasonableness of the actual time incurred.

A.     Hourly Rates

Mr. Bocko seeks reimbursement at the rate of $416 per hour, for three reasons: (1) his client agreed to pay him $416 per hour for his work on this case; (2) he has 25 years' experience in business litigation; and (3) in the 2008 Oregon State Bar Economic Survey, five percent of business litigation attorneys charged between $400 and $424 per hour, and 10 percent charged more than $424. Thus Mr. Bocko seeks reimbursement at what may be considered to be elite rates.

The 2008 Survey reveals, however, that the average rates charged by business litigation attorneys fell within a range of $275-$324 per hour. And as discussed below, a significant percentage of the work counsel did in this litigation did not involve complex issues or even require business, as opposed to general, litigation experience. Consequently, I conclude that an appropriate hourly rate in 2011 for Mr. Bocko's time in this case is no more than $324 per hour.

Defendant seeks reimbursement for Molly Henry's time at $244 per hour. One of the stated reasons is, again, that defendant agreed to that rate. Ms. Henry is a 2008 law school graduate and a general civil litigation associate in Mr. Bocko's firm. Defendant has submitted no information that would justify reimbursing Ms. Henry's time at more than $224 per hour, which is the approximate average rate for litigation associates with three to five years' experience.

5 - ORDER

I will, therefore, apply the following hourly rates: Mr. Bocko, $324 per hour; Ms. Henry, $224 per hour; paralegal Hillary Thelen, $150 per hour.[5]

B.     Reasonableness

Defendant requests reimbursement for 201 hours. In determining the reasonableness of that request, I find defendant's submissions to be of little help, as they do not address the factors set forth in ORS 20.075(2). My review of the record, particularly the billing records, however, shows the following:

1.     The litigation did not present novel or difficult questions, nor (for the reasons explained below) did it require the amount of time and labor incurred (ORS 20.275(2)(a));

2.     There is no evidence that this litigation precluded counsel from taking other cases (ORS 20.275(2)(b));

3.     The fees customarily charged are identified above; defendant has not justified the excessive hourly rates requested (ORS 20.275(2)(c));

4.     Defendant prevailed in this action, obtaining full dismissal of plaintiff's claims (ORS 20.275(2)(d));

5.     The nature of the case imposed some time limitations (ORS 20.075(2)(e));

6.     There is no evidence of the nature and length of counsel's relationship with defendant (ORS 20.075(2)f));

7.     There is very little information in the record concerning these attorneys' reputation or abilities. The evidence does establish that Mr. Bocko has 25 years of experience; Ms. Henry has three (ORS 20.075(2)(g));

---

[5]     Plaintiff has not challenged Ms. Thelen's rate.

6 - ORDER

8.  This is not a contingent fee case (ORS 20.075(2)(h)).

Analysis of the above factors on this record provides little guidance concerning the reasonableness of defendant's request. However, I note the following, which does guide my decision.

Defense counsel first billed time in this case on February 7, 2011, and removed the action to this court on February 9, 2011. On that same day, Mr. Bocko recorded time characterizing plaintiff's claims as "specious;" a few days later he described the claims as "baseless." Sixth Declaration of Robert Bocko ("Bocko Decl."), Exhibit A, pp. 9, 14. Discussions with plaintiff's counsel concerning possible dismissal began in early March; meanwhile, on March 4, 2011, defendant filed a motion to dismiss and/or for summary judgment. Within days, defense counsel began working on a claim for attorney fees, and it is apparent from the record that defendant's concern for recovering attorney fees precluded any real effort at negotiating a voluntary dismissal by plaintiff. In March alone, counsel spent over 13 hours on attorney fees. Of those hours, Mr. Bocko billed 6.9 at his rate of $412 ($2,842.80).

On March 28, 2011, plaintiff sought a second extension of time to respond to defendant's motion to dismiss. For reasons not explained on the record, defense counsel then dedicated approximately 22.4 hours to opposing plaintiff's motion, including the preparation and filing of a surreply and accompanying declarations. Of those hours, Mr. Bocko billed 13.2 at his rate of $412 per hour ($5,438.40). Counsel evidently did not consult with local counsel or was otherwise unaware that it is this court's practice to allow all parties sufficient time to fully brief motions to ensure that the record is complete before a decision is made. As it was, the court granted plaintiff's request for an extension on the same date (April 5, 2011) on which counsel

7 - ORDER

filed the surreply and accompanying declarations opposing the motion.

By June 2011, defendant had yet to undertake any formal discovery. Bocko Decl., Exhibit A, p. 60. On July 14, 2011, this court granted both defendants' motions to dismiss and entered a judgment in their favor. On July 15, 2011, Mr. Bocko once again began "work on motion for award of attorneys' fees," Bocko Decl., Exhibit A, p. 65, and over the next two weeks counsel billed an additional 20.3 hours on the attorney fee petition. Some of that time was incurred because defendant's first motion for attorney fees, dkt. # 53, filed on July 27, 2011, was defective and had to be revised. See dkt. ## 66, 67.[6]

Thus, of the total time billed to defendant in this action, approximately 22.4 hours, or 11 percent of the total hours, were dedicated to opposing plaintiff's request for an extension of time. Approximately 33.4 hours, or 17 percent of the total hours, were dedicated to seeking attorney fees. What this demonstrates is that 28 percent of the time incurred was on non-substantive simple issues that required little in the way of specialized skills.

In view of the above, I conclude that the total hours incurred were excessive. In consideration of the entire record, I find that a 25 percent reduction in time is appropriate. I also find that many of the tasks performed by Mr. Bocko did not require the skills of a business litigation attorney with 25 years' experience; consequently, I will apply the 25 percent reduction to Mr. Bocko's time. Thus, of his claimed 112.5 hours, I will reimburse 84.4 hours.

---

[6] The court notes with disfavor defendant's suggestion that it plans to seek an additional award of fees for time incurred on the fee petition in August 2011. Sixth Declaration of Robert Bocko, ¶ 10.

8 - ORDER

In summary, I make the following attorney fee award: for Mr. Bocko, $27,345.60 (84.4 hours x $324 per hour); for Ms. Henry, $19,286.40 (86.1 hours x $224 per hour); and Ms. Thelen, $360.00 (2.4 hours x $150 per hour), for a total attorney fee award of $46,992.00.

IT IS SO ORDERED.

DATED this 3rd day of November, 2011.

_____
ROBERT E. JONES
U.S. District Judge